IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

ANTHONY OSORIO LINARES
PETITIONER,

CASE NO: 16-CV-00835-AG (JEM)

V.

STATE OF CALIFORNIA
RESPONDENT,

FILED
CLERK, U.S. DISTRICT COURT
JUL - 1 2016
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

OPPOSITION TO MOTION TO DISMISS AND THE DEFENSE OF PROCEDURAL DEFAULT. AND NAME

PETITIONER NOW RESPECTFULLY REQUEST THAT HE BE ALLOWED TO NAME: WARDEN AS SAID RESPONDENT MOVING FORWARD.

FURTHER, SECOND, THE DEPUTY ATTORNEY GENERAL HAS STATED THAT, FOR PETITIONER TO AVOID DEFAULTS ON HIS CLAIMS, HE MUST ESTABLISH BOTH CAUSE AND PREJUDICE.)

"ARGUMENT"
I
ERRORS REVERSIBLE PER SE
RULES FOR DETERMINING WHETHER ERROR
REQUIRES REVERSAL.

"ONLY IF AN ERROR IS SO FUNDAMENTAL IN NATURE THAT IT AFFECTS THE STRUCTURAL INTEGRITY OF THE TRIAL, WILL THE REVIEWING COURT REVERSE THE TRIAL COURT'S JUDGMENT WITHOUT A SHOWING THAT THE ERROR HAS HAD SOME IMPACT ON THE OUTCOME OF THE PROCEEDING."→

1 SEE: (ARIZONA V. FULMINANTE, (1991) 499 U.S. 279, 309, 113 L.Ed 2d
2 302, 111 S. CT. 1246,) (NEDER V. U.S. (1999) 527 U.S. 1, 8, 144 L.Ed.
3 2d. 35, 119 S. CT. 1827.)

## "HEART OF CLAIM"

5 PETITIONER CONTENDS HERE THAT, THE PROSECUTOR WAS ALLOWED
6 TO PLACE AN OFFICER, AS AN EXPERT WITNESS TO GIVE TESTIMONY
7 BEFORE A JURY THAT;
8 SEE (EXHIBIT-A)
9 WHO IS GOING TO "RELY" ON STATEMENTS MADE BY SEVERAL
10 INDIVIDUALS RELATED TO THIS CASE AND RELATED TO OTHER CASES
11 THAT THIS DEFENDANT WAS INVOLVED TO- FORM THE OPINION THAT
12 HE'S AN ACTIVE PARTICIPANT. (ALSO). IN THIS CASE THE CO-DEFENDANT,
13 WHO HAS ALREADY (PLED GUILTY). SAID THAT HE BELIEVES THAT
14 THIS DEFENDANT IS A (KPC) GANG MEMBER.)
15 (PAGE-(23) LINES-10-24) (PAGE-27)(LINES-21-26)
16 (PAGE-28)(LINES-5-10) (STATEMENTS OF TRIAL COUNSEL.

## "PREJUDICE"

18 FURTHER, NOT ONLY DID DETECTIVE BOLAND STATE THAT (SEVERAL)
19 OTHER PEOPLE WHO WASN'T EVER IN COURT SAID. HE ALSO WAS
20 ALLOWED TO GIVE TESTIMONY IN THE PRESENCE OF THE (JURY). OF
21 (HEARSAY-UNSIGNED) STATEMENTS BY WITNESSES AND NO TRIAL
22 TESTIMONY OF SAID WITNESSES, TO CONCLUDE FOR ANY FACT THAT
23 "PETITIONER" WAS IN-FACT A (KPC) GANG MEMBER.) AS STATED
24 ONCE AGAIN. (ON-PAGE-156)(LINES-3-6)
25 SEE (EXHIBIT-B)
26 WITHOUT ANY OBJECTION. TRIAL COUNSEL STIPULATED THAT CODEFENDANT
27 "ERIC PLASECA" WAS AN ACTIVE PARTICIPANT GANG-MEMBER IN THE
28 (KPC) CRIMINAL STREET GANG ON (DEC 18, 2009). PETITIONER →

1. CONTENDS WITH, THIS IS MISLEADING THE JURY TO BELIEVE
2. WHO PETITIONER REALLY WAS.) TRIAL COUNSEL HAD TO KNOW
3. THAT ONCE THE JURY HEARD THIS OUT-OF-COURT STATEMENT
4. WITHOUT OBJECTIONS, THEY WOULD ASSUME THEM AS TRUTH.
5. NAMELY WHAT THE (CO-DEFENDANT)(ACCOMPLICE) SAID. WHO
6. WAS NEVER AT ANY TRIAL OR HEARING TO CROSS-EXAMINE THESE
7. OUT-OF-COURT STATEMENTS. IN-WHICH WAS (INADMISSIBLE).
8.    SEE (CRAWFORD V. WASHINGTON)
9.    541 U.S. 36, 68 (2004)
10. THE LATER CASES CONFORM TO (MATTOX'S V. UNITED STATES, 156
11. U.S. 237, (1895). (HOLDING THAT PRIOR TRIAL OR PRELIMINARY
12. HEARING TESTIMONY IS ADMISSIBLE "ONLY" IF THE DEFENDANT HAD
13. AN ADEQUATE OPPORTUNITY TO CROSS-EXAMINE. SEE (MANCUSI
14. V. STUBBS, 408 U.S. 204, 213-216, 33 L.Ed. 2d 293, 92 S.CT. 2308
15. (1972). (CALIFORNIA V. GREEN, 399 U.S. 149, 165-168, 26 L.Ed. 2d
16. 489, 90 S.CT. 1930 (1970). (POINTER V. TEXAS, 380 U.S. AT 406-408,
17. 13 L.Ed. 2d 923, 85 S.CT. 1065, cf.)(KIRBY V. UNITED STATES, 174
18. U.S. 47, 55-61, 43 L.Ed. 890, 19 S.CT. 574 (1899). (EVEN WHERE THE
19. DEFENDANT HAD SUCH AN OPPORTUNITY, WE EXCLUDED THE TESTIMONY
20. WHERE THE GOVERNMENT HAD NOT ESTABLISHED UNAVAILABILITY OF
21. THE WITNESS. (SEE BARBER V. PAGE, 390 U.S. 719, 722-725, 20 L.Ed.
22. 2d 255, 88 S.CT. 1318 (1968). (MOTES V. UNITED STATES, 178 U.S. 458,
23. 470-471, 44 L.Ed. 1150, 20 S.CT. 993 (1900). (WE SIMILARLY
24. EXCLUDED "ACCOMPLICE" CONFESSIONS WHERE THE DEFENDANT HAD
25. NO OPPORTUNITY TO CROSS-EXAMINE.) SEE (ROBERTS V. RUSSELL, 392
26. U.S. 293, 294-295, 20 L.Ed. 2d 1100, 88 S.CT. 1921 (1968). (BRUTON V.
27. UNITED STATES, 391 U.S. 123, 126-128, 20 L.Ed. 2d 476, 88 S.CT. 1620
28. (1968). (DOUGLAS V. ALABAMA, 380 U.S. 415, 418-420, 13 L.Ed. 2d 934, →

85 S.CT. 1074 (1965) (IN CONTRAST, WE CONSIDERED RELIABILITY FACTORS BEYOND PRIOR OPPORTUNITY FOR CROSS-EXAMINATION WHEN THE (HEARSAY-STATEMENT) AT ISSUE WAS NOT TESTIMONIAL.) SEE, (DUTTON V. EVANS, 400 U.S. AT 87-89, 27 L.Ed. 2d 213, 91 S.CT. 210.) ALSO SEE:)

U.S. V. JONES, 371 F.3d 363, 369 (7TH Cir. 2004)(CONFRONTATION CLAUSE VIOLATED by ADMISSION OF "CO-DEFENDANT'S CONFESSION BECAUSE NO PRIOR OPPORTUNITY TO CROSS-EXAMINE.)

PETITIONER CONTINUE HERE WITH.) HIS CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.) (SEE, STRICKLAND V. WASHINGTON, 466 U.S. 668, 687 (1984) (THE PURPOSE OF THE EFFECTIVE ASSISTANCE GUARANTEE OF THE SIXTH AMENDMENT IS TO ENSURE THAT CRIMINAL DEFENDANTS RECEIVE A FAIR TRIAL.)

"Conclusion"

PETITIONER REQUEST THAT THIS COURT ORDER AN EVIDENTIARY HEARING ON THE DUE PROCESS VIOLATIONS AND WHETHER TRIAL COUNSEL WAS EFFECTIVE HERE.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

( 6-27-16 )          ( Anthony Osorio Linares )
DATE)                      SIGNATURE

# ARGUMENT

## I

## THE STATE OF CALIFORNIA CANNOT PRODUCE THE SIGNED FELONY COMPLAINT BY THE MAGISTRATE JUDGE. (SEE EXHIBIT-E)

PETITIONER CONTENDS HERE THAT, DUE TO THE PROSECUTION BEING IN A HURRY TO FILE THERE INFORMATION AGAINST HIM, THEY CLEARLY FORGOT TO REQUEST THE MAGISTRATE TO SIGN AND INDORSED EITHER UPON DEPOSITIONS OR THE COMPLAINT UNDER PENAL CODE SECTION (872). UNbEKNOWING TO PETITIONER UNTIL AFTER TRIAL THAT HE LEARNED OF THIS ISSUE. PETITIONER NOW REQUEST THAT THE (INFORMATION bE SET ASIDE). SEE (PEOPLE V. WILSON, (1892) 93 CAL. 377, 28 P. 1061, 1892 CAL. LEXIS 568)(THE COURT ERRED IN DENYING DEFENDANTS MOTION TO SET ASIDE THE INFORMATION. NO COMMITMENT WAS INDORSED EITHER UPON DEPOSITIONS OR THE COMPLAINT. (PENAL CODE SECTION - (872).

## "CONCLUSION"

THE INFORMATION MUST (MOMENTARILY) bE SET ASIDE, THE COMMITMENT IS (VOID) AT THIS POINT, AND MUST bE REINSTATED by SENDING PETITIONER back TO THE MAGISTRATE.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

( 6-27-16 )            (Anthony Osorio Linares)
DATED                   SIGNATURE

# Proof of Service

I HEREBY CERTIFY THAT ON 6-27-16, I SERVED THE ATTACHED DOCUMENT ON THE LISTED PARTY(S) BELOW BY PLACING SAID DOCUMENT IN THE U.S. MAIL HERE AT CORCORAN STATE PRISON, P.O. BOX 3466 CORCORAN, CA 93212.

CLERK OF COURT
UNITED STATES DISTRICT
COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA
U.S. COURTHOUSE, ROOM G8
LOS ANGELES, CALIFORNIA
90012

MATTHEW MULFORD
DEPUTY ATTORNEY GENERAL
600 WEST BROADWAY,
SUITE-1800
SAN DIEGO, CA 92186-5266

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

6-27-16
DATED

Anthony Osorio Linares
SIGNATURE

(6 of 6)

**CORCORAN STATE PRISON**

NAME ANTHONY LINARES
CDCR NUMBER AV7805
HOUSING 3B03-146
PO BOX 3466
CORCORAN, CA 93212

"LEGAL MAIL"

**STATE PRISON GENERATED MAIL**

TO:
CLERK OF COURT
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
U.S. COURTHOUSE, ROOM G8
LOS ANGELES, CALIFORNIA
90012

RECEIVED
CLERK, U.S. DISTRICT COURT
JUL -1 2016
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

INDIGENT